1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

12

## CENTRAL DISTRICT OF CALIFORNIA

13

14  OTTER PRODUCTS, LLC, a Colorado
15  Limited Liability Company,

16          Plaintiff,

17      v.

18

19  BRANDON BARNES, an Individual
    d/b/a BARNES ELECTRONICS;
20  ROGER BRICENO, an Individual; YUN
    CHEN, an Individual; CHRISTINE
21  CHIANG, an Individual; STACIE
22  ENCISO-FRANCO, an Individual d/b/a
    ELECTRONICS BOUTIQUE, INC.;
23  PAULICAP EZIKE, an Individual d/b/a
    SALETRONICS; WILLIAM HSU, an
24  Individual d/b/a DAX AUTOWORKS;
25  SALVADOR IBARRA, JR., an
    Individual; ALAN KORNFELD, an
26  Individual; PO-SHUN LIN, an
27  Individual; JESSE PALOMARES, an
    Individual; IMELDA SANTOS, an
28

Case No.:  CV13-06851 DDP (SSx)

**PERMANENT INJUNCTION
ORDER AGAINST DEFENDANT
YUN CHEN, AN INDIVIDUAL**

 Complaint Filed:  September 17, 2013

1   Individual; BRANDON SEXTON, an
2   Individual; THOMAS THOMSON, an
    Individual d/b/a LOGICSALES;
3   KHASHAYAR TORKAN, an
4   Individual; NICHOLAS WILKINSON,
    an Individual; KINGCHI YU, an
5   Individual; FARNAZ HASHEM, an
6   Individual; A & F GLOBAL
    INVESTMENT, INC., a California
7   Corporation; FENG GAN, an Individual
    d/b/a EASYCOM; and DOES 1-10,
8   Inclusive,
9
                    Defendants.
10

11          Having reviewed the Stipulation for Entry of Permanent Injunction against
12   Defendant YUN CHEN ("CHEN") entered into between Plaintiff OTTER
13   PRODUCTS, LLC ("Plaintiff") and CHEN, and good cause appearing, the Court
14   hereby finds as follows:
15          a.      Plaintiff is the owner of numerous trademarks which it uses in
16   connection with the manufacture, distribution, sale and promotion of a wide range
17   of products, including high-quality protective cases, peripherals and accessories
18   for portable electronic devices and computers. Plaintiff owns all rights in and to a
19   family of federally registered trademarks which include the following, among
20   others (collectively, "Plaintiff's Registered Marks"):

| Trademark | Reg. No. | Reg. Date |
|---|---|---|
| OTTER BOX | 2287619 | October 19, 1999 |
| [DESIGN MARK] | 3791318 | May 18, 2010 |
| [DESIGN MARK] | 4293603 | February 19, 2013 |
| OTTER BOX | 3788535 | May 11, 2010 |
| OTTERBOX | 3788534 | May 11, 2010 |
| WE'VE GOT TECHNOLOGY COVERED | 3865367 | October 19, 2010 |

| | | |
|---|---|---|
| DEFENDER SERIES | 3623789 | May 19, 2009 |
| STRENGTH | 4079672 | January 3, 2012 |
| COMMUTER SERIES | 3963182 | May 17, 2011 |
| COMMUTER | 3791317 | May 18, 2010 |
| IMPACT SERIES | 3795187 | March 10, 2010 |
| REFLEX ZONE | 4111433 | March 13, 2012 |
| REFLEX SERIES | 3972039 | May 31, 2011 |
| UTILITY SERIES | 4064940 | November 29, 2011 |
| ARMOR SERIES | 3632231 | June 2, 2009 |
| PINK IS STRENGTH! | 4053182 | November 8, 2011 |
| OTTERCARES | 4101071 | February 21, 2012 |
| [DESIGN MARK] | 4116998 | March 27, 2012 |

3.     On September 17, 2013, Plaintiff filed its Complaint in this Civil Action No. Civil Action No. CV13-6851 DDP (SSx) against CHEN, amongst other Defendants, alleging causes of action under §32(1) of the Lanham Act (15 U.S.C. §1114(1)) for infringement of federally registered trademarks, under §43(c) of the Lanham Act (15 U.S.C. 1125(c)) and California Business & Professions Code § 14247 for dilution of federally registered and common law trademarks, under §43(a) of the Lanham Act (15 U.S.C. §1125(a)) for unfair competition, and under the statutory and common law of the State of California to enjoin CHEN'S current and prospective infringement and dilution of the Plaintiff's Marks and unfair competition, and to recover monetary damages resulting from those actions. CHEN denies such alleged infringement.

4.     Plaintiff served the summons and Complaint on CHEN on October 4, 2013.

5.     CHEN has sold no more than One Thousand and Fifty-Three (1,053) units of allegedly counterfeit OTTERBOX® products on www.eBay.com, utilizing the seller ID "smdgary2009".

6. After reviewing the papers and evidentiary support provided to CHEN, CHEN has agreed to stipulate to the issuance of a permanent injunction with respect to matters referenced in this Stipulation.

7. CHEN admits that, without Plaintiff's knowledge or consent and based on information provided to CHEN by Plaintiff, he purchased and sold in interstate commerce certain products which Plaintiff alleged to have displayed, infringed, and diluted Plaintiff's Marks. CHEN and Plaintiff acknowledged that such alleged unauthorized use of the Marks involved only the OTTER BOX and DEFENDER SERIES marks and no other marks.

8. The Parties expressly waive any findings of fact, conclusions of law, statement of decision and any right to notice or right to be heard in any matter in connection with or arising out of the filing, rendition or entry of the Permanent Injunction Order on this Stipulation for Entry of Permanent Injunction, provided however, that no such waiver shall be deemed to exist insofar as damages are concerned, it being agreed that CHEN may offer proof in defense of Plaintiff's claims for damages, in the case where liability is determined; the Parties nonetheless acknowledged that there is no determination of any wrongdoing, liability, or validity of any claims or defenses.

9. The Parties agree that the permanent injunction shall remain in full force and effect through the final disposition of this action and that any right to set aside the permanent injunction, appeal therefrom or to otherwise attack its validity is hereby waived.

NOW THEREFORE, IT IS HEREBY ORDERED THAT CHEN and his agents, employees, officers, directors, owners, attorneys, representatives, successor companies, related companies, and all persona acting in concert or participation with him, and each of them, are, through the final disposition of this action, PERMANENT ENJOINED from:

a. The import, export, making, manufacture, reproduction,

**PERMANENT INJUNCTION ORDER AGAINST DEFENDANT YUN CHEN**

assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit OTTERBOX® product identified in the Complaint and any other unauthorized OTTERBOX® product (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

b.    The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any Plaintiff's Mark, trade name and/or trade dress including, but not limited to, any of Plaintiff's Marks at issue in this action.

c.    The knowingly unauthorized use, in any manner whatsoever, of any Plaintiff's  trademark, trade name and/or trade dress including, but not limited to, the Plaintiff's Marks at issue in this action, any variants, colorable imitations, translations and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

i.    on or in conjunction with any product or service; and

ii.    on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

d.    The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by CHEN originates from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is, in some way, connected or affiliated with Plaintiff.

e.     Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that CHEN himself is connected with, or is in some way sponsored by or affiliated with Plaintiff, purchases product from or otherwise has a business relationship with Plaintiff.

f.     Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

g.     Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of Plaintiff's Marks; and/or

h.     Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any Plaintiff's Marks or which otherwise refer or relate to Plaintiff or any of Plaintiff's Marks.

10.     This Permanent Injunction shall be deemed to have been served upon CHEN at the time of its execution by the Court.

11.     The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against CHEN.

IT IS SO ORDERED.

DATED:  December 06, 2013

_____
Hon. Dean D. Pregerson
United States District Judge