1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON BARNES, an Individual d/b/a BARNES ELECTRONICS; ROGER BRICENO, an Individual; YUN CHEN, an Individual; CHRISTINE CHIANG, an Individual; STACIE ENCISO-FRANCO, an Individual d/b/a ELECTRONICS BOUTIQUE, INC.; PAULICAP EZIKE, an Individual d/b/a SALETRONICS; WILLIAM HSU, an Individual d/b/a DAX AUTOWORKS; SALVADOR IBARRA, JR., an Individual; ALAN KORNFELD, an Individual; PO-SHUN LIN, an Individual; JESSE PALOMARES, an Individual; IMELDA SANTOS, an Individual; BRANDON SEXTON, an Individual; THOMAS THOMSON, an | Case No.: CV13-06851 DDP (SSx)<br><br>**JUDGMENT, INCLUDING PERMANENT INJUNCTION, AGAINST DEFENDANT JESSE PALOMARES**<br><br>Hon. Dean D. Pregerson |
|---|---|

| | |
|---|---|
| 1 | Individual d/b/a LOGICSALES; KHASHAYAR TORKAN, an Individual; NICHOLAS WILKINSON, an Individual; KINGCHI YU, an Individual; FARNAZ HASHEM, an Individual; A & F GLOBAL INVESTMENT, INC., a California Corporation; FENG GAN, an Individual d/b/a EASYCOM; and DOES 1-10, Inclusive, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | Defendants. |

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

Plaintiff, OTTER PRODUCTS, LLC ("Plaintiff"), is hereby awarded final judgment on its claims for relief against Defendant JESSE PALOMARES (hereinafter, "Defendant") as set forth in Plaintiff's Complaint for Damages as the prevailing party in this action under Rule 55(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and Local Rule ("L.R.") 55-1.

Pursuant to 15 United State Code ("U.S.C.") §1117 (c)(2), Plaintiff is hereby awarded final judgment on its claims for relief against Defendant in the sum of $1,000,000. Plaintiff is further awarded attorneys' fees in the amount of $5,600 pursuant to the Schedule of Attorneys' Fees set forth in L.R. 55-3. Plaintiff is further awarded costs pursuant to 15 U.S.C. §1125(c) to be determined by a Notice of Application to the Clerk to Tax Costs within fifteen (15) days after the entry of Judgment.

IT IS FURTHER HEREBY ORDERED that Defendant and any person or entity acting in concert with, or at the direction of Defendant, are hereby restrained and permanently enjoined pursuant to 15 U.S.C. §1116, from engaging in, directly or indirectly, or authorizing or assisting any third-party to engage in, any of the following activities in the United States of America and throughout the world:

a.  The import, export, making, manufacture, reproduction, assembly,

1 use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit OTTERBOX® product identified in the Complaint and any other unauthorized OTTERBOX® product, or products bearing Plaintiff's Trademarks (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

    b.    The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any Plaintiff's Trademark, trade name and/or trade dress including, but not limited to, any of Plaintiff's Trademarks at issue in this action.

    c.    The unauthorized use, in any manner whatsoever, of any Plaintiff's trademark, trade name and/or trade dress including, but not limited to, the Plaintiff's Trademarks at issue in this action, any variants, colorable imitations, translations and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

        i.    on or in conjunction with any product or service; and

        ii.    on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

    d.    The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendant originates from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with

Plaintiff or is, in some way, connected or affiliated with Plaintiff.

  e. Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendant itself is connected with, or is in some way sponsored by or affiliated with Plaintiff, purchases product from or otherwise has a business relationship with Plaintiff.

  f. Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

  g. Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of Plaintiff's Trademarks; and/or

  h. Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any Plaintiff's Trademarks or which otherwise refer or relate to Plaintiff or any of Plaintiff's Trademarks.

/ / /

/ / /

1     IT IS FURTHER HEREBY ORDERED that Defendant shall not transfer or
2 dispose of any money or other tangible assets until further notice from this Court.
3 Any banks, savings and loan associations, credit unions, credit card payment
4 processors, merchant accounts, or other financial institutions, including without
5 limitations PayPal, Inc., shall immediately locate all accounts connected to
6 Defendant and shall be restrained and enjoined from transferring or disposing of
7 any money or other tangible assets of Defendant until further order from this
8 Court.

10 DATED: April 04, 2014

                                          HON. DEAN D. PREGERSON
                                          United States District Judge