JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON BARNES, an Individual d/b/a BARNES ELECTRONICS; ROGER BRICENO, an Individual; YUN CHEN, an Individual; CHRISTINE CHIANG, an Individual; STACIE ENCISO-FRANCO, an Individual d/b/a ELECTRONICS BOUTIQUE, INC.; PAULICAP EZIKE, an Individual d/b/a SALETRONICS; WILLIAM HSU, an Individual d/b/a DAX AUTOWORKS; | Case No.: CV13-06851 DDP (SSx)<br><br>**PERMANENT INJUNCTION AND DISMISSAL OF ACTION WITH PREJUDICE AS TO ONLY DEFENDANT KHASHAYAR TORKAN** |

- 1 -
**[PROPOSED] PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE**

| | |
|---|---|
| 1 | SALVADOR IBARRA, JR., an Individual; ALAN KORNFELD, an Individual; PO-SHUN LIN, an Individual; JESSE PALOMARES, an Individual; IMELDA SANTOS, an Individual; BRANDON SEXTON, an Individual; THOMAS THOMSON, an Individual d/b/a LOGICSALES; KHASHAYAR TORKAN, an Individual; NICHOLAS WILKINSON, an Individual; KINGCHI YU, an Individual; FARNAZ HASHEM, an Individual; A & F GLOBAL INVESTMENT, INC., a California Corporation; FENG GAN, an Individual d/b/a EASYCOM; and DOES 1-10, Inclusive, |
| | Defendants. |

Having reviewed the stipulation for issuance of permanent injunction entered into and between Plaintiff OTTER PRODUCTS, LLC ("Plaintiff"), and Defendant KHASHAYAR TORKAN ("Defendant"), and good cause appearing, the Court hereby finds as follows:

1. Plaintiff is the owner of numerous trademarks which it uses in connection with the manufacture, distribution, sale and promotion of a wide range of products, including high-quality protective cases, peripherals and accessories for portable electronic devices and computers. Plaintiff owns all rights in and to a family of federally registered trademarks which include the following, among others (collectively, "Plaintiff's Marks"):

| **Trademark** | **Reg. No.** | **Reg. Date** |
|---|---|---|
| OTTER BOX | 2287619 | October 19, 1999 |
| [DESIGN MARK] | 3791318 | May 18, 2010 |
| OTTER BOX | 3788535 | May 11, 2010 |

| | | |
|---|---|---|
| OTTERBOX | 3788534 | May 11, 2010 |
| WE'VE GOT TECHNOLOGY COVERED | 3865367 | October 19, 2010 |
| DEFENDER SERIES | 3623789 | May 19, 2009 |
| STRENGTH | 4079672 | January 3, 2012 |
| COMMUTER SERIES | 3963182 | May 17, 2011 |
| COMMUTER | 3791317 | May 18, 2010 |
| IMPACT SERIES | 3795187 | March 10, 2010 |
| REFLEX ZONE | 4111433 | March 13, 2012 |
| REFLEX SERIES | 3972039 | May 31, 2011 |
| UTILITY SERIES | 4064940 | November 29, 2011 |
| ARMOR SERIES | 3632231 | June 2, 2009 |
| PINK IS STRENGTH! | 4053182 | November 8, 2011 |
| OTTERCARES | 4101071 | February 21, 2012 |
| [DESIGN MARK] | 4116998 | March 27, 2012 |

2. Plaintiff also has numerous pending trademarks with the United States Patent and Trademark Office. The serial numbers of Plaintiff's pending trademarks are as follows: 85416877; 85456430; 85458259; 85462689; 85483745; 85505980; 85576166; 85531307; 85505993; 85505986; 85505999; 85428337; 85288182; 85288187 and 85342514.

3. On September 17, 2013, Plaintiff filed its Complaint in this Civil Action No. Civil Action No. CV13-6851 DDP (SSx) against Defendant, alleging causes of action under §32(1) of the *Lanham Act* (15 U.S.C. §1114(1)) for infringement of federally registered trademarks, under §43(c) of the *Lanham Act* (15 U.S.C. 1125(c)) and *California Business & Professions Code* §14247 for dilution of federally registered and common law trademarks, under §43(a) of the *Lanham Act* (15 U.S.C. §1125(a)) for unfair competition, and under the statutory and common law of the State of California to enjoin Defendant's current and

1 prospective infringement and dilution of the Plaintiff's Marks and unfair
2 competition, and to recover monetary damages resulting from those actions.

3     4.    Plaintiff served the summons and Complaint on Defendant on
4 October 29, 2013.

5     5.    Defendant has sold no less than One Thousand Three Hundred Two
6 (1302) units of OTTERBOX® branded products on www.ebay.com, under the
7 seller ID "mobilecase4less," and utilizing the PayPal ID "cellmall@aol.com."
8 Though he never intentionally sold any counterfeit products, and only resold
9 products he purchased in good-faith from other suppliers, Defendant understands
10 and accepts that some or all of these sales may have been of counterfeit products.

11     6.    After reviewing the papers and evidentiary support provided to
12 Defendant, Defendant has agreed to stipulate to the issuance of a permanent
13 injunction with respect to matters referenced in this Stipulation.

14     7.    Defendant admits that, without Plaintiff's knowledge or consent and
15 based on information provided to Defendant by Plaintiff, he purchased and sold in
16 interstate commerce, alleged counterfeit and non-genuine products which
17 displayed, infringed, and diluted Plaintiff's Marks.

18     8.    The parties expressly waive any findings of fact, conclusions of law,
19 statement of decision and any right to notice or right to be heard in any matter in
20 connection with or arising out of the filing, rendition or entry of the Permanent
21 Injunction Order on this Stipulation for Entry of Permanent Injunction.

22     9.    The parties agree that the permanent injunction shall remain in full
23 force and effect through the final disposition of this action and that any right to set
24 aside the permanent injunction, appeal therefrom or to otherwise attack its validity
25 is hereby waived.

26     NOW THEREFORE, IT IS HEREBY ORDERED THAT only Defendant
27 KHASHAYAR TORKAN is dismissed from this action with prejudice, Defendant
28 and his agents, employees, officers, directors, owners, attorneys, representatives,

successor companies, related companies, and all persons acting in concert or participation with it, and each of them, are, through the final disposition of this action, PERMANENT ENJOINED from:

    a.    The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit OTTERBOX® product identified in the Complaint and any other unauthorized OTTERBOX® product (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

    b.    The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any Plaintiff's Mark, trade name and/or trade dress including, but not limited to, any of Plaintiff's Marks at issue in this action.

    c.    The unauthorized use, in any manner whatsoever, of any Plaintiff's trademark, trade name and/or trade dress including, but not limited to, the Plaintiff's Marks at issue in this action, any variants, colorable imitations, translations and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

        i.    on or in conjunction with any product or service; and

        ii.    on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

    d.    The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired,

purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendant originates from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is, in some way, connected or affiliated with Plaintiff.

      e.    Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendant is connected with, or is in some way sponsored by or affiliated with Plaintiff, purchases product from or otherwise have a business relationship with Plaintiff.

      f.    Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

      g.    Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of Plaintiff's Marks; and/or

      h.    Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any Plaintiff's Marks or which otherwise refer or relate to Plaintiff or any of Plaintiff's Marks.

    10.    This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court, and the case shall be dismissed as to only Defendant KHASHAYAR TORKAN.

    11.    The Court find there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against

Defendant.

12. Defendant will be making an agreed-upon payment to Plaintiff, as more particularly described in a separate Confidential Settlement Agreement.

13. **NO APPEALS AND CONTINUING JURISDICTION**. No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal. This Court shall expressly retain jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction.

14. **NO FEES AND COSTS**. Each party shall bear their own attorney's fees and costs incurred in this matter.

DATED: May 30, 2014

                        HON. DEAN D. PREGERSON
                        United States District Judge